# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0210V

|  |  |
|---|---|
| SEBASTIEN TEMPLETON *as personal representative of* ESTATE OF RAMSAY TEMPLETON,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: November 21, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Bridget Corridon, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On February 24, 2022, Sebastian Templeton, as Personal Representative of the Estate of Ramsay Templeton, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleges that Ramsay Templeton suffered injuries, including Guillain-

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] The case was originally filed by Sabine Templeton, but on March 29, 2022, the caption was amended to name Sebastien Templeton as the petitioner based on recently obtained Letters of Administration naming him as the personal representative of the estate (ECF Nos. 7,10).

Barré syndrome ("GBS") and death, resulting from an influenza ("flu") vaccine received on October 19, 2019. Petition at 1. Petitioner further alleges the vaccine was received in the United States, Ramsay Templeton's injury resulted in death, and neither Petitioner, nor any other party, has ever received compensation in the form of an award or settlement for Ramsay Templeton's vaccine-related injury. Petition at ¶¶ 1, 6, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

## I.   Relevant Procedural History

On April 14, 2023, Respondent filed his Rule 4(c) Report (ECF No. 23). Respondent conceded that Petitioner is entitled to compensation for the injury claim, but asserted that the claim for the death benefit was untimely and must be dismissed. Following a telephonic status conference on May 3, 2023, the parties agreed to begin negotiations (ECF Nos. 25-30).

On October 6, 2023, Petitioner filed a joint status report (ECF No. 31). The parties requested that I issue a ruling on entitlement based on the existing pleadings and record. *Id.* On October 18, 2023, Petitioner filed a status report stating that Petitioner had been informed that without a ruling on entitlement, Respondent could not move forward with a proffer (ECF No. 32).

A telephonic status conference was held on November 20, 2023. Mike Milmoe appeared on behalf of Petitioner, and Bridget Corridon appeared on behalf of Respondent. During the call, Respondent's counsel explained that without a ruling on entitlement, the parties were unable to negotiate. Thus, a ruling on entitlement addressing the injury and death claim would help move the case forward. Respondent's counsel stated that she would be willing to file a status report providing an update on the parties' discussions within two weeks of issuance of a ruling on entitlement. Petitioner's counsel had no objection.

## II.  Relevant Factual History

On October 19, 2019, Ramsay Templeton received a flu vaccine in his left deltoid at CVS Pharmacy. Ex. 1 at 1. Eleven days later (on October 30, 2019), he went to the emergency department, stating that the night before his legs had begun to tingle and his hands and arms felt weak. Ex. 2 at 12. He was transferred to another hospital and admitted the same day. Ex. 3 at 10.

While hospitalized, Ramsay Templeton was seen by neurologist Dr. Kenneth Hentschel, who determined he may have acute inflammatory demyelinating

polyradiculoneuropathy ("AIDP"), a form of GBS, related to his recent vaccination. Ex. 3 at 23. On November 2, 2019, IVIG was started for suspected AIDP. *Id.* at 139.

Unfortunately, Ramsay Templeton did not improve despite several doses of IVIG and five rounds of plasmapheresis. Ex. 3 at 42. On November 17, 2019, his condition took a dramatic turn for the worse, and he died that day. *Id.*

### III.  Ruling on Entitlement on Injury Claim

Respondent recommends compensation for the GBS injury claim. Rule 4(c) Report at *5. Respondent states that "petitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI), which afford petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause." *Id.* Respondent agrees that Petitioner has met the requirements of Section 11(c)(1)(D). *Id.* Respondent further agrees that the injury claim was filed within the applicable statute of limitations. *Id.*

In view of Respondent's position and the evidence in the record, I find that Petitioner is entitled to compensation for the injury claim.

### IV.  Claim for Death Benefit

While conceding the Table claim, Respondent also argues that Petitioner's claim for the death benefit is untimely and must be dismissed. Rule 4(c) Report at *4. The petition was filed over three months after the two-year statutory deadline established by Section 16(a)(3). *Id.*

Pursuant to Section 16(a), a claim for a vaccine-related death must be filed within 24 months of the date of death. Section 16(a)(3). A claim for a vaccine-related injury, by contrast, is timely if filed within 36 months of the occurrence of the first symptom or manifestation of onset. Section 16(a)(2).

In this case, Ramsay Templeton died on November 17, 2019. Thus, for a death-related claim to be timely, it should have been filed by November 17, 2021. The petition in this case was filed on February 24, 2022, however, over three months after the limitations period expired. The claim for the death benefit is untimely, even though a claim

for injuries due to GBS (based on an onset that preceded death by less than a month) does not run afoul of the Act's limitations period.[4]

## Conclusion

Based on my review of the record as a whole, I find that Petitioner is entitled to compensation for Ramsay Templeton's GBS. However, the death claim is dismissed as untimely.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] This case has similarities to another matter – but which resulted in the opposite outcome, based on the timing of death versus GBS onset. *Griglock v. Sec'y of Health & Human Servs.*, No. 09-275V, 2011 WL 839738 (Fed. Cl. Spec. Mstr. Feb. 11, 2011), *mot. for rev. denied*, 99 Fed. C. 373 (2011), *aff'd*, 687 F.3d 1371 (Fed. Cir. 2012). In *Griglock*, the decedent developed GBS following a flu vaccine in late 2005. *Griglock*, 2011 WL 839738, at *1. She was hospitalized and placed on a ventilator, which she remained on until her death in May 2007, 18 months after developing GBS. *Id.* The executor of her estate filed a petition in April 2009, which was within the 24 month period allowed to file a death claim, but more than 36 months after the onset of her illness. *Id.* Thus, the petition was timely as to the death benefit claim, but untimely as to the injury claim. *Id.* The special master determined that the petitioner was entitled to compensation, but only for the death benefit. *Id.* at *12.